UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Gault, | ) C/A No. 7:12-00388-JMC-JDA |
| Plaintiff, | ) |
| vs. | ) |
| Chuck Wright;<br>Charlie Weaver, | ) Report and Recommendation |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action alleging constitutional violations under 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

Background

Plaintiff's complaint states, verbatim:

(1) For the last 7 years Sheriff Chuck Wright has chosen to target me for harasment, only in the last 2 years have I gotten concrete everdence of how he use mafia type tatics to keep me and my female compaion from seeing each other.

(2) He also used mafia tatics at Charlie Weaver used cars, my friend gave them a check to help me catch up on my truck payment, the check was cashed but the money didn't go toward my accont.

Plaintiff seeks ninety (90) million dollars in monetary damages.

## Pro Se Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Discussion

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Plaintiff indentifies Defendant Charlie Weaver as a used car dealership which accepted payment toward Plaintiff's truck payment. While Plaintiff believes that Defendant Wright's "mafia" tactics prevented the payment from being credited to the account, the complaint provides no facts to attribute state action to Defendant Weaver. Further, the complaint's claims against Defendant Weaver rest on mere speculation or conjecture. Thus, Plaintiff's allegations against Defendant Weaver, who is a private actor not amenable to suit under § 1983, are insufficient to state a violation of Plaintiff's constitutional rights in any event. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)("Specificity is necessary so that [defendants] are not required to file unnecessary responses to speculative allegations."). Therefore, Defendant Weaver is entitled to summary dismissal from this action.

Next, Plaintiff claims that he has been the target of harassment by Defendant Wright for the past seven years, specifically aimed toward preventing Plaintiff and his female

friend from seeing each other. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), stated:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.

*Id.*, 129 S.Ct. at 1949 (internal quotations and citations omitted). As Plaintiff provides no facts to support his bare allegation of harassment against Defendant Wright, the claim against this Defendant should also be summarily dismissed.

## Recommendation

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case *without prejudice*.

IT IS SO RECOMMENDED.

| | |
|---|---|
| February 17, 2012 | s/Jacquelyn D. Austin |
| Greenville, South Carolina | United States Magistrate Judge |

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).