# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| Lawrence Gault, | ) | |
| | ) | Civil Action No.7:12-cv-0388-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chuck Wright and Charlie Weaver, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 12]. Plaintiff filed the Complaint [Dkt. No. 1] alleging a claim under 42 U.S.C. § 1983. The Magistrate Judge's Report and Recommendation, filed on February 12, 2012, recommends that the Complaint be dismissed in this case without prejudice and without issuance and service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After receiving the Magistrate Judge's Report and Recommendation on the pending motion,

1

Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely a restatement of his claims. Plaintiff's filing does not object to any part of the Magistrate Judge's report. Instead, Plaintiff promises to provide additional evidence concerning his harassment claims against Defendants. Even if this court were to construe this filing as an objection to the Magistrates Judge's determination that Plaintiff failed to plead his claim with particularity, a mere promise to provide additional evidence does not form the basis of a proper objection, nor does it cure the underlying factual deficiency in the original complaint. Moreover, even if the additional facts were available and properly pled, such facts would not give rise to a claim under 42 U.S.C . § 1983. Section 1983 "imposes liability solely for violations of rights protected by the Constitution and federal law, not for violations arising simply out of state tort law principles. . . . Section 1983 does not automatically convert potential tort liability under state law into tort liability under federal law whenever the alleged tortfeasor is the state" or a state official. *Spell v. McDaniel*, 591 F. Supp. 1090, 1100 (E.D.N.C. 1984). Plaintiff's claim against Defendant Wright for harassment does not constitute a violation of a constitutional right or a federal law.

Similarly, Plaintiff's additional promise to provide testimony that Defendant Weaver refused to accept Plaintiff's check provides insufficient additional facts to demonstrate that Defendant

2

Weaver was acting at the direction of Defendant Wright and under the color of state law. As a result, the Magistrate Judge's recommendation that Plaintiff's section 1983 claim against Defendant Weaver be summarily dismissed is appropriate.

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 12]. It is therefore **ORDERED** that the Complaint [Dkt. No. 1] in the above-captioned case is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 23, 2012

3